**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JACK AUTHUR HEFFLEY III,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SWIFT TRANSPORTATION, LLC,<br><br>　　　　　　Defendant. | Case No. 2:15–cv–1273–GMN–VCF<br><br>**ORDER AND**<br>**REPORT & RECOMMENDATION**<br><br>APPLICATION TO PROCEED IN FORMA PAUPERIS (#1)<br>COMPLAINT (#1-1) |

This matter involves Jack Author Heffley's wrongful-termination action against his former employer, Swift Transportation. Before the court is Mr. Heffley's Application to Proceed *In Forma Pauperis* and Complaint. For the reasons stated below, Mr. Heffley's Application to Proceed *in Forma Pauperus* is granted and his complaint should be dismissed with leave to amend.

**I.    *In Forma Pauperis* Applications**

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). The standard governing *in forma pauperis* eligibility under 28 U.S.C. § 1915(a)(1) is "unable to pay such fees or give security therefor." Determination of what constitutes "unable to pay" or unable to "give security therefor" and, therefore whether to allow a plaintiff to proceed *in forma pauperis*, is left to the discretion of the presiding judge, based on the information submitted by the plaintiff or plaintiffs. *See, e.g.*, *Fridman v. City of New York*, 195 F. Supp. 2d 534, 536 (S.D.N.Y.), *aff'd*, 52 Fed. Appx. 157 (2nd Cir. 2002).

Here, Mr. Heffley's affidavit states that he is unemployed, has no source of income, has $300.00 in a bank account, and that his monthly expenses total $2,560.00. Accordingly, his Application to Proceed *In Forma Pauperis* is granted.

**II.     Mr. Heffley's Complaint should be Dismissed with Leave to Amend**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Section 1951(e) authorize a federal district court to dismiss an action if it is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id*.

Pleadings prepared by *pro se* litigants are held to less stringent standards and are liberally construed. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *see also King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986). When reviewing a *pro se* plaintiff's complaint, the court accepts all material allegations as true and construes them in the light most favorable to the plaintiff. *See Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980) (citations omitted).

However, a liberal construction may not be used to supply an essential element of the claim absent from the complaint. *Bruns v. Nat'l Credit Union Admin*., 12 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)). If the court dismisses a complaint, leave to amend should be granted, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Applying this standard, the court finds that Mr. Heffley's complaint should be dismissed with leave to amend. Mr. Heffley alleges that his employer wrongfully terminated him by failing to following the drug-testing procedures prescribed by 49 C.F.R. §§ 40, *et seq*. These allegations fail to state a claim upon which relief can be granted for three reasons.

First, Mr. Heffley predicates his action on 49 C.F.R. §§ 40, *et seq. See* (Compl. (#1-1 at ¶ 9). However, these regulations do not provide a private right of action. *See, e.g.*, *Drake v. Delta Air Lines, Inc.*, 147 F.3d 169, 170–71 (2d Cir. 1998) (affirming district court's conclusion that plaintiff did not have a private cause of action under 49 C.F.R. Part 40); *Schmeling v. NORDAM*, 97 F.3d 1336, 1343–44 (10th Cir. 1996) (concluding that 49 C.F.R. § 40.35 did not provide for a private cause of action); *Abate v. S. Pacific Transp. Co.*, 928 F.2d 167 (5th Cir. 1991) (concluding that Federal Railroad Safety Act provides no private cause of action to enforce regulations implementing federally mandated drug-testing programs set forth in 49 C.F.R. Part 40).

Second, Mr. Heffley's complaint states that his employment contract was executed under the laws of Arizona. *See* (Compl. (#1-1) at Ex. 1, ¶ 24) ("This Agreement shall be governed by the laws of the State of Arizona."). Arizona is an at-will employment state in which an employee may generally be terminated without cause. *See, e.g.*, *Larson v. United Nat'l Foods W. Inc.*, No. 1 CA-CV 12-0477, 2014 WL 575950, at *2 (Ariz. Ct. App. Feb. 13, 2014) (discussing Arizona's at-will employment laws, and their exceptions, in an action involving 49 C.F.R. §§ 40, *et seq.*).

Third, Mr. Heffley's complaint states that "[a]ll disputes and claims arising under" under his employment contract must be arbitrated in Arizona. *See* (Compl. (#1-1) at Ex. 1, ¶ 25).

Therefore, Mr. Heffley's complaint should be dismissed and granted leave to amend. Mr. Heffley's amended complaint must show that (1) his employment with Swift was not terminable at will and (2) his action is not subject to arbitration.

/// /// ///

/// /// ///

/// /// ///

/// /// ///

ACCORDINGLY, and for good cause shown,

IT IS ORDERED that plaintiff's Application to Proceed *In Forma Pauperis* (#1) is GRANTED.

IT IS FURTHER ORDERED that plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees, costs, or security. This order granting *in forma pauperis* status does not extend to the issuance or service of subpoenas at government expense.

IT IS FURTHER ORDERED that the Clerk of Court filed the complaint (#1-1).

IT IS RECOMMENDED that Plaintiff's complaint (#1-1) be DISMISSED with leave to amend.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 14th day of September, 2015.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE